UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| THOMAS L. SHAFER, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 03-90-P-S |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |

**RECOMMENDED DECISION ON 18 U.S.C. § 3582
MOTION TO MODIFY SENTENCE**

      This motion to modify Thomas Shafer's sentence (Docket No. 57) has been referred to me by the sentencing judge.  Shafer, who was sentenced by this court on February 18, 2004, asks the court to reduce his sentence in view of the new clarification of its discretion to do so under the sentencing guidelines as articulated in Booker v. United States, __ U.S. __, 125 S. Ct. 738 (Jan. 12, 2005), the United States Supreme Court's follow-up to Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. __,124 S.Ct. 2531 (2004).

      Shafer moves pursuant to 18 U.S.C. § 3582(c) which provides:

**Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that--
    **(1)** in any case—
        **(A)** the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

>  >  **(i)** extraordinary and compelling reasons warrant such a reduction;
>  >  or
>  >  **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>  >  and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>  **(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C § 3582(c) (emphasis added).

Apropos the two subdivisions of (c)(1), Shafer cannot press an argument that Booker warrants resentencing under the "extraordinary circumstance" provision of (c)(1)(A); that subsection contemplates relief only upon motion of the Bureau of Prisons. See United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); United States v. Willis, Crim. No. 20028, 2004 WL 1918893, *1 (N.D.Ill. July 12, 2004) (unpublished memorandum opinion and order); see also United States v. Cabrera-Polo, 376 F.3d 29, 31 (1st Cir. 2004) (noting the "extraordinary circumstances" provision of § 3582(c),

without discussing the necessity of the motion being brought by the Bureau of Prisons).[1] Shafer's Booker challenge does not fall within subsection (c)(1)(B). See Fed. R. Crim. P. 35.

And with respect to Subsection (c)(2), Booker is unquestionably a pronouncement by the United States Supreme Court and not the United States Sentencing Commission so subsection (2) is inapposite. See United States v. Shaw, 30 F.3d 26, 29 (5th Cir. 1994) (noting that § 3582(c)(2) only applies to retroactive guideline amendments); United States v. Chappell, __ F. Supp. 2d __, __, 2005 WL 806702, *1 n.1 (D. Kan. Apr. 7, 2005) (concluding that there could be no Booker relief under 18 U.S.C. § 3582(c)); see cf. United States v. McBride, 283 F.3d 612, 615-16 (3d Cir. 2002) (no Apprendi-premised § 3582(c)(2) relief); United States v. Yett, 04-50598, 2004 WL 2368216, *1

---

[1] Addressing a hand-written motion for reconsideration of a motion for reduction of sentence by an inmate, the District of Illinois noted the Cabera-Polo dicta in the context of a Blakely challenge:
> It is quite true that the always careful Judge Bruce Selya, speaking for the Court of Appeals there, listed as one ground for possible relief under Section 3582(c) that "certain extraordinary and compelling reasons exist that warrant a modification." But because Cabrera-Polo admittedly did not implicate that possibility (376 F.3d at 31), the quoted statement contained no elaboration as to what such "extraordinary and compelling reasons" might involve.
> If Montana were correct in his present contention, every pre-Blakely sentence that did not meet the standards stated in that opinion would be vulnerable, irrespective of its age. That would obviously prove too much, for there is nothing in Blakely (which the Supreme Court has not declared to be retroactive) or in the generalized language in Cabrera-Polo that would suggest an opening of the floodgates in a way that would subject the federal courts to a massive and unjustified burden. And this Court is certainly not going to countenance such a result even if it were empowered (as Montana contends) to decree Blakely's retro-activity. Hence Montana's motion for reconsideration is also denied.

United States v. Montana, Crim. No. 98-54, 2005 WL 83332, *1 (N.D.Ill. Jan. 11, 2005) (unpublished memorandum order). In ruling on the initial motion the Court noted:
> Everyone involved in the criminal justice system is awaiting the decision of the United States Supreme Court in its pending review of Booker and the related decision in United States v. Fanfan (both cases were argued before the Court on October 4, 2004). But nothing suggests any likelihood that the Supreme Court's ruling in those cases will include a retroactive application and extension of the Blakely principles that would open up for potential revision the many thousands of long-ago-imposed sentences such as Montana's.

United States. v. Montana, Crim. No. 98-54, 2004 WL 2996963, *1 (N.D.Ill Dec. 23, 2004) (unpublished memorandum order). Ironically, but inconsequentially, the decision on the motion for reconsideration was issued just a day before the awaited decisions in Booker and Fanfan.

(5th Cir. Oct. 21, 2004) (unpublished, per curiam decision) (no Blakely relief under § 3582(c)(2)); Cook v. United States, No. 95-10012-01, 2004 WL 2782634, *1 -2 (D. Kan. Nov. 5, 2004) (unpublished memorandum and order) (observing that a Blakely challenge was "outside the scope of § 3582(c)(2)," and noting that "petitioner's claim is more appropriately raised in a § 2255 motion.").[2]

I also note that giving Shafer § 3582(c) relief from his sentence based on Booker would be, in essence, giving Booker retroactive effect to a case that is no longer in the direct appeal pipeline. See United States v. Mitchell, No. 04-3367, 2005 WL 387974, *1 (2nd Cir. Feb. 18, 2005) (unpublished summary order) ("At best, [the movant's] effort somehow to import Blakely and, by extension, Booker into a recalculation of his sentence under 18 U.S.C. § 3582(c)(2) is a collateral attack on the original judgment. This court has held, however, that Booker does not apply retroactively to cases on collateral review. Green v. United States, 397 F.3d 101 (2d Cir.2005)."); see cf. United States v. Smith, 241 F.3d 546, 548 (7th Cir. 2001) (viewing an Apprendi challenge raised for the first time at resentencing after direct appeal as "a new issue, one not authorized by § 3582(c), for it is unrelated to any change in the Sentencing Guidelines. It is instead the sort of contention usually raised by motion under 28 U.S.C. § 2255"); see also supra note 1.

## Conclusion

For these reasons it is my recommendation that the Court **DENY** Shafer's 18 U.S.C. § 3582(c) motion for a reduction of his sentence.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by

---

[2] Shafer has also filed a 28 U.S.C. § 2255 motion based on Booker which is pending in this Court.

the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Dated:  April 12, 2005