# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS L. SHAFER, | ) | Docket No. 03-cr-90-GZS |
| VICKI RANNI | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER ON DEFENDANTS' MOTIONS FOR MODIFICATION OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. § 3583(E)(2)

Before the Court are Defendant Shafer's *pro se* Motion for Modification of Supervised Release (Docket # 68) and Defendant Ranni's *pro se* Motion for Leave to Join Defendant Thomas Lyle Shafer's Motion for Modification of Supervised Release (Docket # 69). As explained herein, the Court DENIES these motions WITHOUT PREJUDICE.

In October 2003, Shafer and Ranni pleaded guilty to various counts of an Information (Docket # 31) charging them for their involvement in three bank robberies.[1] This Court proceeded to impose judgment and sentence, which included a three-year term of supervised release for each Defendant. (See Judgments (Docket #s 46 & 47) at 3.) In addition to the standard conditions of supervised release, the Court imposed an additional term preventing Defendants from having "communication or contact" with each other. (See id. at 4.)

Shafer and Ranni now ask the Court to modify this term so that they may "marry . . . upon their release from prison." (See Def.'s Mot. for Modification (Docket # 68) at

---

[1] Shafer and Ranni completed only the first robbery; the others were merely attempted.

2.)  They contend that the additional term "impermissibly infringes rights guaranteed []  by the United States Constitution and is both unnecessary and unreasonable."  (See id.)  Specifically, Defendants insist that the additional term constitutes an "[i]nterference with their intimate personal relationship" that fails to serve sufficient "rehabilitative or protective interests."  (See id. at 4.)

Of course, courts may impose additional conditions that are "reasonably related to" the purposes of supervised release, and which entail "no greater deprivation of liberty than is reasonably necessary" to achieve those purposes.  See 18 U.S.C. § 3583(d)(1)-(2); USSG § 5D1.3(b).  Furthermore, conditions that "intrude[] on a constitutionally protected right" are not invalid *per se*.  United States v. Roy, 438 F.3d 140, 144 (1st Cir. 2006) (citation and internal punctuation omitted).  Numerous federal courts have affirmed the imposition of special conditions limiting a defendant's constitutional right to associate with family relations or intimates.  See, e.g., Roy, 438 F.3d at 144-45; United States v. Smith, 436 F.3d 307, 312 (1st Cir. 2006); United States v. Bortels, 962 F.2d 558, 560 (6th Cir. 1992).

Shafer and Ranni's association resulted in uncharacteristic, mutually destructive behavior that repeatedly endangered the public.  The additional term serves the twin purposes of protecting the public from future crime and encouraging Defendants' rehabilitation, and is therefore "reasonably related to" permissible purposes of supervised release.  See Roy, 438 F.3d at 144; Bortels, 962 F.2d at 559-60; see also 18 U.S.C. § 3583(d)(1); USSG § 5D1.3(b).  Moreover, the additional term is "a considered response to a specific problem": namely, Defendants' uniquely deleterious influence on each other.  Roy, 438 F.3d at 145.  Indeed, Shafer participated in the robberies solely to serve Ranni's

immediate needs.[2] See Bortels, 962 F.2d at 559 (observing that the defendant "would not be in jail but for her association with [her fiancé]").

Accordingly, the Court DENIES WITHOUT PREJUDICE Defendant Shafer's *pro se* Motion for Modification of Supervised Release (Docket # 68) and Defendant Ranni's *pro se* Motion for Leave to Join Defendant Thomas Lyle Shafer's Motion for Modification of Supervised Release (Docket # 69). Defendants may renew their motions at a later date. Once Defendants commence their terms of supervised release, the Court is certainly willing to consider modifying or removing the additional condition depending on the status of each Defendant's rehabilitation.

SO ORDERED.

/s/ George Z. Singal
Chief U.S. District Judge

Dated this 29th day of September, 2008.

---

[2] In conversations with the Government, "Ranni stated that the robberies were her idea because she needed money for a variety of reasons including being behind on her truck payments and child support obligations." (Prosecution Version (Docket # 39) at 4; see also Tr. of Proceedings (Docket # 55) at 14.)